**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **Alfonso Rodriguez, Jr.,** | ) | |
| | ) | |
| **Appellee,** | ) | |
| | ) | |
| **vs.** | ) | **No. 22-1461** |
| | ) | |
| **United States of America,** | ) | **This is a capital case** |
| | ) | |
| **Appellant** | ) | |

**APPELLEE'S MOTION TO STAY BRIEFING SCHEDULE
PENDING DETERMINATION OF MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION**

Appellee Alfonso Rodriguez, Jr., respectfully moves the Court to stay the briefing schedule in this appeal pending the Court's determination of Appellee's motion to dismiss the government's appeal for lack of jurisdiction. Appellee states as follows in support of this motion:

1.      Following his unsuccessful direct appeal of his conviction and death sentence for an interstate kidnapping resulting in death, *see United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009), *cert. denied*, 562 U.S. 981 (2010), Rodriguez sought post-conviction relief under 28 U.S.C. § 2255. After conducting a series of evidentiary hearings, the district granted sentencing-phase relief on certain constitutional claims, denied the remainder of the claims, and later denied Rodriguez's motion to alter or amend judgment with respect to one of the rejected claims. *See* Dist. Dkt. #1149, 1150, 1156, 1157. The district court ordered that

1

Rodriguez be resentenced through a new penalty phase trial. *See* Dist. Dkt. #1149 at 232; Dist. Dkt. #1157 at 232.

2. Rather than initiate the penalty retrial ordered by the district court, the government filed a notice of appeal on March 3, 2022.

3. Rodriguez has moved this Court to dismiss the government's appeal for lack of jurisdiction, observing that the district court has not issued a final order or judgment. In capital and non-capital cases alike, it is well-established that a district court's grant of sentencing relief under 28 U.S.C. § 2255 is not final and appealable until after the prisoner is resentenced. *See Andrews v. United States*, 373 U.S. 334, 340 (1963); *Wiggins v. United States*, 900 F.3d 618, 621 (8th Cir. 2018); *United States v. Hammer*, 564 F.3d 628, 634-36 (3d Cir. 2009); *United States v. Stitt*, 459 F.3d 483, 484-86 (4th Cir. 2006).

4. The briefing schedule entered by the Court provides for the government to file its brief on April 25, 2022, for Rodriguez to file his brief thirty days thereafter, and for the government to file its reply brief twenty-one days later.

5. In addition to the briefing and record-designating obligations in this appeal, Rodriguez has filed a protective notice of cross-appeal in order to preserve his appellate rights as to the post-conviction claims that the district court denied. The cross-appeal and its briefing duties – including Rodriguez's forthcoming applications for a certificate of appealability in the district court as well as this Court – will become unnecessary if the Court dismisses the government's appeal

as premature.

6. In light of the limited resources of the Court and the parties alike, concerns of judicial economy justify a stay of the appellate proceedings until such time as the Court's jurisdiction is determined.

WHEREFORE, for all of the foregoing reasons, Appellee respectfully moves that the Court stay the briefing schedule pending a ruling on Appellee's motion to dismiss the appeal for lack of jurisdiction.

Respectfully submitted,


/s/ Joseph W. Luby
Joseph W. Luby
Eric J. Montroy
Assistant Federal Defenders
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520

*Counsel for Appellee*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Nicholas W. Chase
Megan A. Healy
United States Attorney's Office
655 First Avenue North, Suite 250
Fargo, ND 58102

/s/ Joseph W. Luby
*Counsel for Appellee*

**CERTIFICATE OF COMPLIANCE**

Appellee Alfonso Rodriguez's motion contains 481 words, and thus complies with the word limitation of Fed. R. App P. 27(d)(2)(A). This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14.

/s/ Joseph W. Luby
*Counsel for Appellee*